IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,  )
  )
          Plaintiff,  )
  )
    v.  )    No.
  )
AILENE FLEISCHER  )
565 N. State Street  )
Dover, Delaware  )
  )
DEBORAH A. FLEISCHER  )
565 N. State Street  )
Dover, Delaware  )
  )
WACHOVIA BANK, NA  )
1 Wachovia Center  )
301 South College St. - TW32  )
Charlotte, North Carolina  )
  )
          Defendants.  )

## COMPLAINT FOR INTERNAL REVENUE TAXES

PLAINTIFF, the United States of America, by and through its attorneys, shows
unto this Court as follows:

1. This is a civil action in which the United States seeks to reduce to judgment
certain Federal tax assessments, to obtain a declaration regarding the validity of Federal
tax liens against the property and rights to property owned by defendant Ailene
Fleischer and to foreclose such liens against certain real property owned by defendant
Ailene Fleischer, and to subject such real property to sale.

### JURISDICTION & VENUE

2. This civil action is commenced at the request and with the authorization of the
Chief Counsel for the Internal Revenue Service, a delegate of the Secretary of the
Treasury, and at the direction of the Attorney General of the United States, pursuant to
26 U.S.C. §§ 7401 and 7403 (2000).

3. Jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1340 and 1345 (2000), as well as 26 U.S.C. §§ 7402 and 7403 (2000).

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1396 (2000).

## PARTIES

5. Plaintiff, the United States of America, is the sovereign.

6. The defendant Ailene Fleisher resides at 565 North State Street, Dover, Delaware which is within this judicial district.

7. The defendant Deborah A. Fleisher resides at 565 North State Street, Dover, Delaware which is within this judicial district.

8. The defendant, Wachovia Bank located in Charlotte, North Carolina is joined as a defendant because it may claim an interest in the property upon which the United States seeks to foreclose.

9. The property to be foreclosed is located at 565 North State Street, Dover, Kent County, Delaware, and is within the jurisdiction of this Court.

## COUNT I

## REDUCE TAX ASSESSMENTS TO JUDGMENT

10. The United States incorporates paragraphs 1 through 9 of the complaint as if fully set forth herein.

11. In accordance with 26 U.S.C. § 6203, a delegate of the Secretary of Treasury of the United States made the following assessments of Federal exployment taxes against defendant, Ailene Fleischer:

| Assessment Date | Type of Tax | Tax Period Ended | Assessment |
|---|---|---|---|
| 1/12/98 | 941 | 9/30/97 | $ 4,473.23 |
| 3/02/98 | 941 | 12/31/97 | 4,473.23 |
| 6/15/98 | 941 | 3/31/98 | 4,473.23 |
| 9/7/98 | 941 | 6/30/98 | 4,517.10 |

2

| | | | |
|---|---|---|---|
| 12/14/98 | 941 | 9/30/98 | 4,488.23 |
| 3/15/99 | 941 | 12/31/98 | 3,277.79 |
| 9/13/99 | 941 | 6/30/99 | 3,480.81 |
| 11/22/99 | 941 | 9/30/99 | 3,888.97 |
| 2/28/00 | 941 | 12/31/99 | 4,162.42 |
| 6/19/00 | 941 | 3/31/00 | 3,679.28 |
| 8/28/00 | 941 | 6/30/00 | 3,555.09 |
| 11/27/00 | 941 | 9/30/00 | 3,778.01 |
| 3/19/01 | 941 | 12/30/00 | 4,368.52 |
| 6/25/01 | 941 | 3/31/01 | 4,131.85 |
| 9/17/01 | 941 | 6/30/01 | 3,356.61 |
| 12/17/01 | 941 | 9/30/01 | 3,000.02 |
| 4/1/02 | 941 | 12/31/01 | 2,958.61 |
| 7/1/02 | 941 | 3/31/02 | 2,892.34 |
| 9/30/02 | 941 | 6/30/02 | 2,966.82 |
| 6/30/03 | 941 | 3/31/03 | 2,892.33 |
| 12/8/03 | 941 | 9/30/03 | 2,432.19 |
| 3/29/04 | 941 | 12/31/03 | 2,900.62 |
| 3/10/97 | 940 | 12/31/96 | 346.57 |
| 3/9/98 | 940 | 12/31/97 | 318.52 |
| 3/19/01 | 940 | 12/31/00 | 289.27 |
| 4/8/02 | 940 | 12/31/01 | 178.97 |

12.  Notices of the assessments and demands for payment were sent to Ailene Fleischer, but the defendant failed to pay the assessed amounts.

13.  Despite the notices and demands for payment of the assessments described in paragraph 11 above, defendant Ailene Fleischer has failed to pay the full amounts due and owing, and there will be due and owning to the United States the sum of

1503275.1

$114,388, as of March 2, 2006, plus penalties, interest, and statutory additions accruing after that date.

WHEREFORE, the plaintiff, United States of America, prays:

A. That the Court render judgment in favor of the United States and against the defendant Ailene Fleischer in the amount of $114,388, together with statutory additions and interest according to law accruing from March 2, 2006, until paid; and

B. That the Court award the United States such further relief, including the costs of this action, that the Court deems appropriate.

### COUNT II

**FORECLOSE FEDERAL TAX LIENS
AGAINST REAL PROPERTY LOCATED AT
565 N. STATE STREET, DOVER, DELAWARE**

14. The United States incorporates paragraphs 1 through 13 of the complaint as if fully set forth herein.

15. On July 22, 1955, the real property commonly known as 565 N. State Street, Dover, Delaware in Kent County was conveyed to Max F. Fleischer and Ailene Fleischer jointly.

16. Subsequently, upon the death of Max F. Fleischer on or about February 18, 1970, Ailene Ann Fleischer became seized in fee and in severalty of the real property commonly known as 565 N. State Street, Dover, Delaware as surviving tenant by the entirety.

17. On August 13, 1997, Ailene Fleischer conveyed title in the real property from herself to Ailene Ann Fleischer and Deborah A. Fleischer. The real property commonly known as 565 N. State Street, Dover, Delaware is more particularly described as:

> ALL that certain piece, parcel or tract of land, with the improvements thereon erected, lying on the east side of State Street, in the City of Dover, Kent County and State of Delaware, and being more particularly described as follows, to wit:

BEGINNING at a point in the east line of State Street in the city of Dover at a corner for this parcel and for lands now or formerly of Charles L. Sipple; thence running with the east line of State Street, North 07 degrees 30 minutes West 100.0 feet to another point in the east line of State Street, at a corner for this parcel and for lands about to be conveyed by the Grantors herein to the City of Dover; thence running with line of lands about to be conveyed to the City of Dover, North 82 degrees 30 minutes East 150.0 feet to a point in line of lands about to be conveyed to the City of Dover and at a new corner now established separating this parcel from reserved lands of the Grantors herein; thence running a new line now established separating this parcel from reserved lands of the Grantors herein, South 07 degrees 30 minutes East 100.0 feet to a point in line of lands now or formerly of Charles L. Sipple, at a new corner now established for this parcel and for reserved lands of the Grantors herein; thence running with line of lands now or formerly of Charles L. Sipple, South 82 degrees 30 minutes West 150.0 feet to the place of beginning, and containing 15,000 square feet of land, be the same more or less.

A true and correct copy of the deed of conveyance of said property to Ailene Ann Fleischer and Deborah A. Fleischer is attached as Exhibit 1.

18. As a result of the foregoing conveyance, Ailene Fleischer owned 50% of the equity the real property described in paragraph 17 and Deborah Fleischer owned 50% of the equity of the real property described in paragraph 17.

19. By reason of the assessments described in paragraph 11 above, Federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322, and said tax liens attached to all property and rights to property then owned or thereafter acquired by defendant Ailene Fleischer, including the property known as 565 N. State Street, Dover, Delaware.

20. Notices of Federal tax liens reflecting the liabilities described in paragraph 11 were filed in Kent County, Delaware on the following dates:

| Assessment Date | Type of Tax | Tax Period Ended | Assessment | Date of Filing Notice of Federal Tax Lien |
|---|---|---|---|---|
| 1/12/98 | 941 | 9/30/97 | $ 4,473.23 | 4/25/02 |
| 3/02/98 | 941 | 12/31/97 | 4,473.23 | 4/25/02 |
| 6/15/98 | 941 | 3/31/98 | 4,473.23 | 4/25/02 |
| 9/7/98 | 941 | 6/30/98 | 4,517.10 | 4/25/02 |

1503275.1

| | | | | |
|---|---|---|---|---|
| 12/14/98 | 941 | 9/30/98 | 4,488.23 | 4/25/02 |
| 3/15/99 | 941 | 12/31/98 | 3,277.79 | 4/25/02 |
| 9/13/99 | 941 | 6/30/99 | 3,480.81 | 4/25/02 |
| 11/22/99 | 941 | 9/30/99 | 3,888.97 | 4/25/02 |
| 2/28/00 | 941 | 12/31/99 | 4,162.42 | 4/25/02 |
| 6/19/00 | 941 | 3/31/00 | 3,679.28 | 4/25/02 |
| 8/28/00 | 941 | 6/30/00 | 3,555.09 | 4/25/02 |
| 11/27/00 | 941 | 9/30/00 | 3,778.01 | 4/25/02 |
| 3/19/01 | 941 | 12/30/00 | 4,368.52 | 4/25/02 |
| 6/25/01 | 941 | 3/31/01 | 4,131.85 | 4/25/02 |
| 9/17/01 | 941 | 6/30/01 | 3,356.61 | 4/25/02 |
| 12/17/01 | 941 | 9/30/01 | 3,000.02 | 4/25/02 |
| 4/1/02 | 941 | 12/31/01 | 2,958.61 | 1/27/03 |
| 7/1/02 | 941 | 3/31/02 | 2,892.34 | 1/27/03 |
| 9/30/02 | 941 | 6/30/02 | 2,966.82 | 1/27/03 |
| 6/30/03 | 941 | 3/31/03 | 2,892.33 | 12/31/03 |
| 12/8/03 | 941 | 9/30/03 | 2,432.19 | 7/6/04 |
| 3/29/04 | 941 | 12/31/03 | 2,900.62 | 7/6/04 |
| 3/10/97 | 940 | 12/31/96 | 346.57 | 4/25/02 |
| 3/9/98 | 940 | 12/31/97 | 318.52 | 4/25/02 |
| 3/19/01 | 940 | 12/31/00 | 289.27 | 4/25/02 |
| 4/8/02 | 940 | 12/31/01 | 178.97 | 1/27/03 |

21. Wachovia Bank may claim an interest in the real property commonly known as 565 N. State Street, Dover, Delaware described in paragraph 17 above by virtue of a mortgage recorded on Ocotber 23, 2002 between Wachovia as mortgagor and Deborah Fleischer and Ailene Fleischer as mortgagees in the amount of $118,450.50. A true and correct copy of the recorded mortgage is attached as Exhibit 2.

1503275.1

22. The real property commonly known as 565 N. State Street, Dover, Delaware, described in paragraph 17, above, should be sold to satisfy the Federal tax liens of the United States.

WHEREFORE, the plaintiff, United States of America, prays:

C. That the Court order and adjudge that the United States of America has valid and subsisting Federal tax liens on all property and rights to property of defendant Ailene Fleischer, including her interest in the real property described in paragraph 17 above; and

D. That the Court order and adjudge that the Federal tax lien attaching to the property of defendant Ailene Fleischer be foreclosed and that the real property in paragraph 17 above be sold, according to law, free and clear of any right, title, lien, claim, or interest of any of the defendants herein, and that the proceeds of the sale be divided in half, one half assigned to Ailene Fleischer and one half assigned to Deborah Fleischer according to their respective ownership interests in the real property described in paragraph 18 above;

E. That the Court order and adjudge that Ailene Fleischer's share of the proceeds be distributed first to reimbursement of the costs of sale; second to the United States in satisfaction of the tax debts of defendant Ailene Fleischer to the extent the Federal tax liens have priority over any claims which Wachovia Bank may assert, third to Wachovia Bank to the extent it asserts and has claims which have priority over any Federal tax liens not paid in the preceding distribution and to the extent Wachovia Bank has not been paid in full through the distribution of Deborah Fleischer's share of the proceeds, fourth to the United States in satisfaction of the tax debts of defendant Ailene Fleischer to the extent of the Federal tax liens which are junior to the claims of Wachovia Bank, and fifth to defendant Ailene Fleischer;

F.  That the Court order and adjudge that Deborah Fleischer's share of the proceeds be distributed first to Wachovia Bank to the extent it asserts and has claims, and second to defendant Deborah Fleischer; and

G.  That the Court award the United States such further relief, including the costs of this action, that the Court deems appropriate.

DATE: February 27, 2006.

COLM F. CONNOLLY
United States Attorney


ELLEN SLIGHTS
Assistant United States Attorney


JENNIFER L. BEST
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Telephone (202) 307-0714

8

1503275.1

Exhibit C    of 2

011997017093

Parcel #ED-05-068.17-01-01.00-000
Prepared by: BARROS, McNAMARA & SCANLON,
  MALKIEWICZ & TAYLOR, P.A.
2 West Loockerman Street
Dover, DE 19904

**NO LIEN SEARCH, TITLE SEARCH OR SURVEY REQUESTED OR MADE.**

D 00229 0033

THIS DEED, MADE THIS ___13TH___ day of ___August___,
in the year of our Lord one thousand nine hundred and ninety-seven,

BETWEEN Ailene Ann Fleischer, 565 N. State Street, Dover, DE
19901, party of the first part,

and

Ailene Ann Fleischer and Deborah A. Fleischer, 565 N. State
Street, Dover, DE  19901, parties of the second part,

WITNESSETH, that the said party of the first part, for and in
consideration of the sum of ONE AND 00/100 ($1.00) DOLLAR lawful
money of the United States of America, the receipt whereof is
hereby acknowledged, hereby grants and conveys unto the said
parties of the second part, **as tenants in common and not as tenants
with right of survivorship**, their heirs and assigns,

ALL that certain piece, parcel or tract of land, with the
improvements thereon erected, lying on the east side of State
Street, in the City of Dover, Kent County and State of Delaware,
and being more particularly described as follows, to-wit:

BEGINNING at a point in the east line of State Street in the
City of Dover at a corner for this parcel and for lands now or
formerly of Charles L. Sipple; thence running with the east line of
State Street, North 07 degrees 30 minutes West 100.0 feet to
another point in the east line of State Street, at a corner for
this parcel and for lands about to be conveyed by the Grantors
herein to the City of Dover; thence running with line of lands
about to be conveyed to the City of Dover, North 82 degrees 30
minutes East 150.0 feet to a point in line of lands about to be
conveyed to the City of Dover and at a new corner now established
separating this parcel from reserved lands of the Grantors herein;
thence running a new line now established separating this parcel
from reserved lands of the Grantors herein, South 07 degrees 30
minutes East 100.0 feet to a point in line of lands now or formerly
of Charles L. Sipple, at a new corner now established for this
parcel and for reserved lands of the Grantors herein; thence
running with line of lands now or formerly of Charles L. Sipple,
South 82 degrees 30 minutes West 150.0 feet to the place of
beginning, and containing 15,000 square feet of land, be the same
more or less.

DRTT-0

KENT COUNTY REALTY
TRANSFER TAX $__0__
PAID AT RECORDING TO __ZA__

*returned
Barros
9-19-97*

GOVERNMENT'S
EXHIBIT

1

PENGAD 800-631-6989

Exhibit C   2 of 2

AND BEING the same lands and premises conveyed unto Max F. Fleischer and Ailene Ann Fleischer, his wife, by deed of Wesley Junior College, Incorporated, Successor in name to Wesley Collegiate Institute, Incorporated, a corporation of the State of Delaware, dated July 22, 1955, and recorded in the Office of the Recorder of Deeds, in and for Kent County, Delaware, in Deed Record Book A, Volume 21, Page 330;

SUBSEQUENTLY, upon the death of Max F. Fleischer on or about February 18, 1970, the said Ailene Ann Fleischer became seized in fee and in severalty of said lands and premises as surviving tenant by the entirety.

IN WITNESS WHEREOF, the said party of the first part has hereunto set her hand and seal the day and year aforesaid.

Signed, Sealed and Delivered
in the Presence of:

_____                _____(SEAL)
                                              Ailene Ann Fleischer

STATE OF DELAWARE    )
                     :   S.S.
COUNTY OF KENT       )

BE IT REMEMBERED, that on this 13TH day of _____, A.D. 1997, personally came before me, the Subscriber, Ailene Ann Fleischer, party of the first part to this Indenture, known to me personally to be such, and acknowledged this Indenture to be her Act and Deed.

GIVEN under my Hand and Seal of office the day and year aforesaid.

Mary C. Brennan
Notary Public
Commission Expires 8/22/98

_____
Notary Public

CITY OF DOVER
REALTY TRANSFER TAX
P | P
A | A
I | I
D | D
AUG 22 1997
$ Exempt

STATE DOCUMENT
FEE PAID

Aug 22  3 58 PM '97

R H WARNER JR.
RECORDER OF DEEDS
KENT CO. DELAWARE

D 08229 0034

M1526PG133     023823

RECEIVED BY
D.M. WARNER, J.
RECORDER OF DEEDS
KENT CO. DEL. W.

OCT 23  12 12 PM '02

STATE DOCU ENT
TE PA

Exhibit E
1 of 15

Parcel No.:
2-05-068.17-01-01.00-000

Prepared By:/When Recorded, Return To:
K LIGHT

Wachovia Bank of Delaware, National Association
Retail Credit Servicing
P.O. Box 50010
Roanoke, VA 24022

# MORTGAGE

THIS MORTGAGE dated **3   October, 2002** _____ between the Mortgagor,
**DEBORAH A FLEISCHER**
**AILENE ANN FLEISCHER**
**AKA ALIENE H FLEISCHER**

whose mailing address is the Property address (herein "Borrower"), and the Mortgagee,
Wachovia Bank of Delaware, National Association, a national banking association
organized and existing under the laws of the United States of America, whose address
is One Rodney Square, 920 King Street, Wilmington, Delaware 19801 (herein
"Lender").

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S.$ **118450.50**
which indebtedness is evidenced by Borrower's Note dated **3   October, 2002** and
extensions, modifications and renewals thereof (herein "Note"), providing for monthly
installments of principal and interest, with the balance of indebtedness, if not sooner
paid, due and payable on **10/05/14** .

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with
interest thereon; the payment of all other sums, with interest thereon, advanced in
accordance herewith to protect the security of this Mortgage; and the performance of
the covenants and agreements of Borrower herein contained, Borrower does hereby
mortgage, grant and convey to Lender the following described Property located in the
County of _____ **KENT** _____, State of Delaware:

DEED DATE:08/13/97 RECORDED: 08/22/97 BOOK/INST: 229 PAGE: 33
PARCEL/TAX ID #:2-05-068.17-01-01.00-000  TWP/BORO:CITY OF DOVER
COUNTY OF KENT BRT:                 WARD:
LOT:               BLOCK:             MAP PLAT:
                                                      5R

which has the address of **565 N STATE ST**
**DOVER             DE   19901**
and Parcel No. **2-05-068.17-01-01.00-000** (herein "Property Address");

536668 (Rev 05)                                             1                                02/02 DE Mortgage
0224101935



GOVERNMENT'S
EXHIBIT
2

PENGAD 800-631-6989

MT526PG134

TOGETHER with all the improvements now or hereafter erected on the Property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the Property covered by this Mortgage; and all of the foregoing, together with said Property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property."

Any Rider ("Rider") attached hereto and executed of even date is incorporated herein and the covenants and agreements of the Rider shall amend and supplement the covenants and agreements of this Mortgage, as if the Rider were a part hereof.

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal and Interest. Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note. This Mortgage secures payment of said Note according to its terms, which are incorporated herein by reference.

2. Prior Mortgages and Deeds of Trust; Charges; Liens. Borrower shall perform all of Borrower's obligations, under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

3. Hazard Insurance. a) Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards, including but not limited to floods, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with section 5.

b) All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgagee clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice

to the insurance carrier and Lender. . Lender may make proof of loss if not made promptly by Borrower.

c) Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Mortgage, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Mortgage, whether or not then due. The 30-day period will begin when the notice is given.

d) Except as provided in subsection 3(e) below, should partial or complete destruction or damage occur to the Property, Borrower hereby agrees that any and all instruments evidencing insurance proceeds received by Lender as a result of said damage or destruction, shall be placed in a non-interest bearing escrow account with Lender. At Lender's discretion, Lender may release some or all of the proceeds from escrow after Borrower presents Lender with a receipt(s), invoice(s), written estimate(s) or other document(s) acceptable to Lender which relates to the repair and/or improvements of the Property necessary as a result of said damage and/or destruction. Absent an agreement to the contrary, Lender shall not be required to pay Borrower any interest on the proceeds held in the escrow account. Any amounts remaining in the account after all repairs and/or improvements have been made to Lender's satisfaction, shall be applied to the sums secured by this Mortgage. Borrower further agrees to cooperate with Lender, by endorsing all checks, drafts and/or other instruments evidencing insurance proceeds and any necessary documents. Should Borrower fail to provide any required endorsement and/or execution within 30 days after Lender sends Borrower notice that Lender has received an instrument evidencing insurance proceeds, or document(s) requiring Borrower's signature, Borrower hereby authorizes Lender to endorse said instrument and/or document(s) on Borrower's behalf, and collect and apply said proceeds at Lender's option, either to restoration or repair of the Property or to sums secured by this Mortgage. It is not the intention of either party that this escrow provision, and/or Lender's endorsement or execution of an instrument(s) and/or document(s) on behalf of Borrower create a fiduciary or agency relationship between Lender and Borrower.

e) Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in section 1 or change the amount of the payments. If under section 15 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Mortgage.

M1526PG136

**4. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the Declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**5. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such actions as is necessary to protect Lender's interest.

Any amounts disbursed by Lender pursuant to this section 5, with interest thereon from the date of disbursal, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this section 5 shall require Lender to incur any expense or take any action hereunder.

**6. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**7. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

**8. Borrower Not Released; Forbearance By Lender Not a Waiver.** Borrower shall remain liable for full payment of the principal and interest on the Note (or any advancement or obligation) secured hereby, notwithstanding any of the following: (a) the sale of all or a part of the premises; (b) the assumption by another party of Borrower's obligations hereunder; (c) the forbearance or extension of time for payment or performance of any obligation hereunder, whether granted to Borrower or a subsequent owner of the Property; and (d) the release of all or any part of the premises securing said obligations or the release of any party who assumes payment of the same. None of the foregoing shall in any way affect the full force and effect of the lien of this Mortgage or impair Lender's right to a deficiency judgment (in the event of foreclosure) against Borrower or any party assuming the obligations hereunder, to the extent permitted by applicable law. Any forbearance by Lender in exercising any right

# M1526PG137

or remedy hereunder or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**9. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Mortgage but does not execute the Note (a "co-signer"): (a) is co-signing this Mortgage only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Mortgage; (b) is not personally obligated to pay the sums secured by this Mortgage; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Mortgage or the Note without the co-signer's consent.

Subject to the provisions of section 14, any Successor in Interest of Borrower who assumes Borrower's obligations under this Mortgage in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Mortgage. Borrower shall not be released from Borrower's obligations and liability under this Mortgage unless Lender agrees to such release in writing. The covenants and agreements of this Mortgage shall bind and benefit the successors and assigns of Lender.

**10. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by first class mail addressed to Borrower or the current owner at the Property Address or at such other address as Borrower may designate in writing by notice to Lender as provided herein, and any other persons personally liable on the Note as their names and addresses appear in Lender's records at the time of giving notice and (b) any notice to Lender shall be given by first class mail to Lender's address at Wachovia Bank of Delaware, National Association, Retail Credit Servicing, P.O. Box 50010, Roanoke, VA 24022 or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**11. Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflicts shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**12. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note, this Mortgage and Rider(s) at the time of execution or after recordation hereof.

**13. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**14. Transfer of the Property or a Beneficial Interest in Borrower; Assumption.** As used in this section 14, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if such exercise is prohibited by federal law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with section 10 within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies by this Mortgage without further notice or demand on Borrower.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

**15. Default; Acceleration; Remedies.** Upon Borrower's breach of any covenant or agreement of Borrower in this entire Mortgage, including the covenants to pay when due any sums under the Note secured by this Mortgage, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without demand or notice, notice of the exercise of such option being hereby expressly waived. Lender may invoke the power of sale hereby granted. Lender shall have the right to enter upon and take possession of the Property hereby conveyed or shall without taking such possession have the right to sell the same at public auction for cash, after first giving notice of the time, place and terms of such sale by publication once a week for three consecutive weeks prior to said sale, in some newspaper published in said county, and upon payment of the purchase money, Lender, or owner of the debt and this Mortgage, or auctioneer, shall execute to the purchaser for and in the name of Borrowers, a good and sufficient deed to the Property sold. Lender shall apply the proceeds of said sale: first, to the expense of advertising, selling and conveying said Property, including a reasonable attorney's fee; second, to the payment of any amounts that may have been expended or that may then be necessary to expend in paying insurance, taxes and other encumbrances, with interest thereon; third, to the

M1526PG139

payment in full of the principal indebtedness and interest thereon, whether the same shall or shall not have fully matured at the date of said sale, but no interest shall be collected beyond the date of said sale; and fourth, the balance, if any, shall be paid over to said Borrowers or to whomever then appears of record to be the owner of said Property. Lender may bid and become the purchaser of the Mortgaged Property at any foreclosure sale hereunder.

**16. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued if: (a) Borrower pays Lender all sums which then would be due under this Mortgage, the Note and Notes securing Future Advances, if any, had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in section 15 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action, as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**17. Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that so long as Borrower is not in default hereunder, Borrower shall, prior to acceleration under section 15 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration and/or foreclosure under section 15 hereof, or abandonment of the Property, Lender, in person or by agent, shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. Lender shall be liable to account only for those rents actually received prior to the foreclosure sale as provided in section 15. Lender shall not be liable to account to Borrower or to any other person claiming any interest in the Property for any rents received after foreclosure.

**18. Loan Charges.** If the loan secured by this Mortgage is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed permitted limits, then: (a) any such loan charges shall be reduced by the amount necessary to reduce the charge to the permitted limit and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by mailing a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment under the Note.

H1526PG140

**19. Legislation.** If, after the date hereof, enactment or expiration of applicable laws have the effect either of rendering the provisions of the Note, this Mortgage or any Rider, unenforceable according to their terms, or all or any part of the sums secured hereby uncollectible, as otherwise provided in this Mortgage or the Note, or of diminishing the value of Lender's security, then Lender, at Lender's option, may declare all sums secured by this Mortgage to be immediately due and payable.

**20. Satisfaction.** Upon payment of all sums secured by this Mortgage, the conveyance of the Property pursuant to this Mortgage shall become null and void and Lender shall release this Mortgage. Borrower shall pay all costs of recordation, if any. Lender, at Lender's option, may allow a partial release of the Property on terms acceptable to Lender and Lender may charge a release fee.

**21. Waiver of Homestead.** Borrower hereby waives all rights of homestead exemption in the Property and relinquishes all rights of dower and curtesy in the Property.

**22. Hazardous Substances.** Borrower shall not cause, or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit, or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal, or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this section 22, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this section 22, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety, or environmental protection.

M1526PG141

## REQUEST FOR NOTICE OF DEFAULT AND FORECLOSURE
## UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender at Wachovia Bank of Delaware, National Association, Retail Credit Servicing, P.O. Box 50010, Roanoke, VA 24022 of any default under the superior encumbrance and of any sale or other foreclosure action.

**IN WITNESS WHEREOF,** Borrower has executed this Mortgage and adopted as his seal the word ("SEAL") appearing beside his name.

Signed, sealed and delivered in the presence of:

_____     THIS IS THE CUSTOMER'S LEGAL SIGNATURE
Borrower                                                        [SEAL]
DEBORAH A FLEISCHER

_____     THIS IS THE CUSTOMER'S LEGAL SIGNATURE
Borrower                                                        [SEAL]
AILENE ANN FLEISCHER

_____     THIS IS THE CUSTOMER'S LEGAL SIGNATURE
Borrower                                                        [SEAL]
AKA ALIENE H FLEISCHER

_____                          [SEAL]
Borrower

STATE OF ___DELAWARE___

COUNTY OF ___KENT___

This instrument was acknowledged before me on __October 3__ __2002__ by
__DEBORAH A. FLEISCHER, AILENE ANN FLEISCHER, AKA__
__ALIENE H FLEISCHER__
_____

_____
Signature of Notary Official

__NOTARY, ATTORNEY__
Title and Rank

(SEAL, if any)                                      __N/A__
My Commission Expires

ATTORNEY
Gary R. Dodge
NOTARY

•0224101935•

(2/02) DE Mortgage

836869 (Rev 05)

JS 44 (Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | AILENE FLEISCHER |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Kent |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) JENNIFER L. BEST, U.S. Department of Justice, P.O. Box 227, Washington, D.C. 20044    (202) 307-0714 | ATTORNEYS (IF KNOWN) |

| II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF (For Diversity Cases Only) AND ONE BOX FOR DEFENDANT) |
|---|---|

II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

x 1. U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | x 1 | Incorporated or Principal Place of Business in This State | 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

x 1. Original Proceeding   ☐ 2. Removed from State Court   ☐ 3. Remanded from Appellate Court   ☐ 4. Reinstated or Reopened   ☐ 5. Transferred from another district (specify)   ☐ 6. Multidistrict Litigation   ☐ 7. Appeal to District Judge from Magistrate Judgment

V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement Judgment ☐ 151 Medicare Act ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholders Suits ☐ 190 Other Contract ☐ 195 Contract Product Liability | **PERSONAL INJURY** ☐ 310 Airplane ☐ 315 Airplane Product Liability ☐ 320 Assault Libel & Slander ☐ 330 Federal Employers' Liability ☐ 340 Marine ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☐ 360 Other Personal Injury **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice ☐ 365 Personal Injury Product Liability ☐ 368 Asbestos Personal Injury Product Liability **PERSONAL PROPERTY** ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | ☐ 610 Agriculture ☐ 620 Other Food & Drug ☐ 625 Drug Related Seizure of Property 21 USC 881 ☐ 630 Liquor Laws ☐ 640 R.R. & Truck ☐ 650 Airline Regs. ☐ 660 Occupational Safety/Health ☐ 690 Other **LABOR** ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Railway Labor Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158 ☐ 423 Withdrawal 28 USC 157 **PROPERTY RIGHTS** ☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark **SOCIAL SECURITY** ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) **FEDERAL TAX SUITS** X 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 400 State Reapportionment ☐ 410 Antitrust ☐ 430 Banks and Banking ☐ 450 Commerce/ICC Rates/etc. ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 810 Selective Service ☐ 850 Securities/Commodities/Exchange ☐ 875 Customer Challenge 12 USC 3410 ☐ 891 Agriculture Acts ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act ☐ 900 Appeal of Fee Determination Under Equal Access to Justice ☐ 950 Constitutionality of State Statutes ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** ☐ 210 Land Condemnation ☐ 220 Foreclosure ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | **CIVIL RIGHTS** ☐ 441 Voting ☐ 442 Employment ☐ 443 Housing/ Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights | **PRISONER PETITIONS** ☐ 510 Motions to Vacate Sentence **HABEAS CORPUS:** ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition | | |

VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Suit brought under 26 U.S.C. §§ 7401 and 7403  to reduce assessment to judgment and foreclose Federal tax liens.

| VII. REQUESTED IN COMPLAINT: | CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23 | DEMAND $ 114,388 plus statutory additions | CHECK YES only if demanded in complaint: JURY DEMAND: ☐ YES   X NO |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See Instructions): JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|

DATE  2/21/06

SIGNATURE OF ATTORNEY OF RECORD  _Jennifer L. Best_

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

1503350.1

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 0 6    1 2 2 --- _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____3____ COPIES OF AO FORM 85.

___2/27/06_____
(Date forms issued)

_____
(Signature of Party or their Representative)

_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action